## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | | |
|---|---|---|
| **FOR LIFE PRODUCTS, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:20CV00016 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **UNIVERSAL COMPANIES, INC.,** | ) | By: James P. Jones |
| **ET AL.,** | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Terry L. Clark, Matthew D. Zapadka, and Brian R. Iverson,* Bass, Berry & Sims, *PLC, Washington, D.C., for Plaintiff/Counter Defendant and Third-Party Defendants; Geoffrey M. Bohn,* Bohn & Battey, *PLC, Arlington, Virginia, and Shawn R. Farmer,* Muskin & Farmer, *LLC, Lansdale, Pennsylvania, for Defendants and Third-Party Plaintiff.*

In this intellectual property case, the plaintiff, For Life Products, LLC ("For Life Products") claims that defendants Universal Companies, Inc. ("UCI") and Virox Technologies Inc. ("Virox") use a trademark "REJUVenate" for disinfectants which infringes on For Life Products' "Rejuvenate" trademark for cleaning, restoration, and surface care products. For Life Products filed an Amended Complaint seeking cancellation of Virox's trademark as insufficiently distinct and fraudulently procured. According to the Amended Complaint, Virox fraudulently stated on its trademark application that it would only use REJUVenate for 'all purpose cleaners' and 'disinfectants.' First Am. Compl. 12, ECF No. 49. But Virox used REJUVENate on other items, such as wipes and spray bottle disinfectant

cleaners, which fell within the scope of goods covered by For Life Product's trademark.  The Amended Complaint claims that Virox's unauthorized use of a similarly styled mark on those items causes consumers to mistakenly believe that For Life Products manufactured them.

In response, Virox filed a Counterclaim against For Life Products and an Amended Third-Party Complaint against several of its manufacturers and distributors, bringing various trademark and consumer confusion claims.   For Life Products and the third-party defendants have filed motions to dismiss, and For Life Products has filed a Motion to Strike, all of which have been fully briefed.[1]

I.

Virox's pleadings allege the following facts, which I must accept as true for the purpose of deciding the motions to dismiss. *Fessler v. IBM Corp.*, 959 F.3d 146, 152 (4th Cir. 2020).

For Life Products recently began selling hand sanitizer under its Rejuvenate mark.  Third-party defendants Ruggerio Innovations LLC, ("Ruggerio"), QVC, Inc. ("QVC") and BioJam, LLC ("BioJam") also either manufacture, market, sell, or distribute the Rejuvenate hand sanitizer.  Virox does not sell hand sanitizer.  It does

---

[1]   I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

however sell disinfectants like wipes, disinfectant cleaner concentrate, and spray bottle disinfectant cleaner.

For Life Products and the third-party defendants have made several misleading claims about the hand sanitizer that cause consumers to confuse it with Virox's disinfectants.  First,  For Life Products has claimed that its hand sanitizer contains a patented solution.  While For Life Products owns no such patent, Virox does own a patented solution for its disinfectants and advertises this patent to its consumers.  Second, For Life Products and the third-party defendants have claimed that the hand sanitizer is effective against the virus that causes COVID-19.  But this statement of efficacy is inconsistent with guidance from the Food and Drug Administration.  On the other hand, Virox's products have been placed on the Environmental Protection Agency's list of products that meet the criteria to combat the COVID-19 virus and Virox has advertised this as well.

The disinfectants and hand sanitizer are marketed and sold differently.  Virox generally ships its disinfectants to UCI's warehouse in Virginia where they are held on consignment and then sold via UCI's website directly and exclusively to salons, spas, and licensed beauty and health professionals.  Answer & Countercl. ¶¶ 149, 150, ECF No. 15.  On the other hand, For Life Products and the third-party defendants target consumer markets and consumer retail stores by selling the hand sanitizer on Amazon, QVC's website and television channel, and Lowe's website.

*Id*. at ¶¶ 164, 165; Am. Third-Party Complaint ¶ 82, ECF No. 65. Virox's disinfectants and For Life Products' hand sanitizer were both available on Amazon for a "few months," although Virox does not allege that the two products were both for sale on Amazon at the same time.  Answer & Countercl. ¶¶ 48, 150 at n.1, ECF No. 15.  The Counterclaim and Third-Party Complaint have incorporated reviews from customers who complain that statements about the hand sanitizer's effectiveness against COVID-19 misled them.  Am. Third-Party Compl. Ex. L, QVC Reviews 4–5,7–8, ECF No. 65-23.

Based on these allegations, Virox has filed this Counterclaim against For Life Products and Third-Party Complaint against QVC, Ruggerio, and BioJam.  Virox has brought claims against them all for trademark competition, unfair advertising, and a claim of false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B) only with respect to For Life Products, Ruggerio, and BioJam.  The claims generally allege that the sale and marketing of the hand sanitizer using a deceptive trademark and false statements have caused consumer confusion, unfair competition in the market, harm to Virox's reputation, and diversion of Virox's sales.

For Life Products, Ruggerio, and BioJam have moved to dismiss the false advertising cause of action for lack of Article III standing or failure to state a claim. All third-party defendants have moved to dismiss the Third-Party Complaint in its entirety for failure to state a claim, lack of personal jurisdiction, and improper venue.

II.

I must begin my analysis with the "irreducible constitutional minimum of standing" to determine whether this is a case or controversy over which the court has jurisdiction under Article III of the Constitution.  *Lujan v. Defs. of Wildlife*, 504 U.S. 559, 560 (1992).   "The standing requirement applies to each claim that a plaintiff seeks to press," and "a plaintiff must demonstrate standing separately for each form of relief sought."  *Overbey v. Mayor of Balti.*, 930 F.3d 215, 230 (4th Cir. 2019).

For Life Products, Ruggerio, and BioJam have raised facial challenges to standing, arguing that allegations in the Counterclaim and Third-Party Complaint, taken as true, do not establish that Virox has standing to pursue the false advertising claim.  *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (discussing the difference between facial and factual challenge to standing). Consistent with the "'procedural protection' that exists on a motion to dismiss," this court must "accept as true all well-pleaded facts in a complaint and construe them in the light most favorable to" Virox.  *Id*. (citation omitted); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (citation omitted).   "Unwarranted inferences," "unreasonable conclusions," and "naked assertions devoid of further factual enhancement" are not

entitled to the presumption of truth. *Wikimedia*, 857 F.3d at 208 (internal quotation marks and citation omitted). When considering a facial challenge to standing, the court may "not look beyond the complaint and documents incorporated by reference therein." *Id*. at 213.

I first turn to For Life Products' motion to dismiss the Lanham Act false advertising count of the Counterclaim for lack of Article III standing. Article III of the Constitution limits a federal court's subject-matter jurisdiction to "cases" and "controversies." U.S. Const. art. III. "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) (internal quotation marks and citations omitted). Therefore, a federal court does not have subject-matter jurisdiction over the claim when the claimant lacks Article III standing. *Id*.

At the motion to dismiss stage, a plaintiff must allege "detailed allegations [which] suffice to plausibly establish" each element of standing. *Wikimedia*, 857 F.3d at 212. Those elements include:

> (1) an injury-in-fact (i.e., a concrete and particularized invasion of a legally protected interest); (2) causation (i.e., a fairly traceable connection between the alleged injury in fact and the alleged conduct of the defendant); and (3) redressability (i.e., it is likely and not merely speculative that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit).

*Beck v. McDonald*, 848 F.3d 262, 269 (4th Cir. 2017) (internal quotation marks and citation omitted).

An injury-in-fact must be "actual or imminent," which requires that the invasion of a plaintiff's legally protected interest has either already occurred or is "certainly impending." *Clapper*, 568 U.S. at 409 (internal quotation marks and citations omitted). Virox claims to have suffered two injuries: lost sales and damage to its reputation. But the Counterclaim has failed to establish these as injuries-in-fact because there are no factual allegations from which to plausibly conclude that Virox has already lost sales, that its reputation has already been harmed, or that either will imminently occur.

A.

The Counterclaim has not pointed to any facts suggesting that Virox has already lost sales. The Counterclaim does not allege that customers chose not to buy Virox's disinfectants, or that they purchased For Life Products' hand sanitizer instead of Virox's disinfectants. *See Belmora LLC v. Bayer Consumer Care AG*, 819 F.3d 697, 711 (4th Cir. 2016) (finding plausible sales diversion injury where plaintiff alleged that customers would "forego" purchasing its products and instead purchase defendant's products); *In re McCormick & Co., Pepper Prods. Mktg. & Sales Pracs. Litig.*, 215 F. Supp. 3d 51, 56 n.2, 58, (D.D.C. 2016) (holding that plaintiffs established injury-in-fact by plausibly alleging that "some of the deceived customers would have purchased Watkins' pepper products instead of McCormick's"). Although the Counterclaim points to Amazon reviewers who were

misled about For Life Products' hand sanitizer, it does not include factual allegations to suggest that these reviewers are salons, spas, or licensed beauty or health professionals that would have purchased Virox's disinfectant in any event.

Nor are there factual allegations from which to plausibly infer that Virox will imminently lose sales. For instance, there are insufficient factual allegations to plausibly conclude that Virox's disinfectants compete with For Life Products for the same market share. *See Belmora*, 819 F.3d at 712 (naproxen sodium products were "direct competitor[s]" for customers along the Mexican-American border); *In re McCormick & Co.*, 215 F. Supp. 3d at 58-59, (the parties' pepper tins and grinders competed on the same shelves in stores for same customers). Virox asserts that its disinfectants are "sold in competitive proximity" with For Life Products' hand sanitizer. Answer & Countercl. ¶ 159, ECF No. 15. But this is an "unwarranted inference" that is unsupported by factual allegations and therefore "not entitled to the presumption of truth." *Wikimedia*, 857 F.3d at 208 (internal quotation marks and citation omitted). Indeed, the Counterclaim alleges that the parties sell different products, market them to different consumers, and generally sell them through different channels of commerce. It is not enough to simply allege that Virox also sold disinfectants on Amazon "for a few months," especially without alleging that both products were sold on Amazon during the same time. Answer & Countercl. ¶ 150 at n.1, ECF No. 15. Virox's conclusions that For Life Products' false statements

"will lead to lost sales" and that it "has suffered . . . injury to its business" are conclusions unsupported by factual allegations.  *Id.* at ¶¶ 194, 200.  Thus, Virox has not plausibly established an injury-in-fact in the form of lost sales.

B.

The Counterclaim similarly lacks factual allegations to indicate that harm to Virox's reputation has occurred or will imminently occur.  For example, there are no allegations that For Life Products' false statements have "disparaged [Virox's] business and products."  *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 138 (2014).  Nor does the Counterclaim plausibly allege that For Life Products appropriated the good will that Virox had established among its customers.  *Belmora*, 819 F.3d at 704 (defendant "repeatedly invoked" plaintiff's reputation to plaintiff's customer base) (internal quotation marks and citation omitted).  To be sure, the Counterclaim incorporates articles suggesting that Virox's disinfectants had a reputation for safety and efficacy against COVID-19 among beauty and health professionals and readers associated with those industries. Answer & Countercl. Ex. E at 8, ECF No. 15-5, But it does not allege that For Life Products' deceptive statements ever reached these groups who knew and trusted Virox's brand in an attempt to capitalize on Virox's good will.  *Belmora*, 819 F.3d at 704, 712 (finding that defendant's statements reached customers who knew and trusted plaintiff's brand).  Without factual allegations that For Life Products' false statements ever

reached those who "knew" and "trusted" Virox's brand, it is not plausible to conclude that those in Virox's market now view Virox's brand unfavorably or will imminently begin to do so. *See LegalForce RAPC Worldwide P.C. v. Glotrade*, No. 19-CV-01538-LHK, 2019 WL 6036618, at *2 (N.D. Cal. Nov. 14, 2019) (finding defendant's statements to plaintiff's clients that plaintiff's services were "deficient" plausibly established injury-in-fact to reputation).  The Counterclaim simply does not contain factual allegations to plausibly support the conclusion that "Virox has suffered and will continue to suffer irreparable harm" to its "reputation and goodwill."  Answer & Countercl. ¶ 200, ECF No. 15.  Therefore, Virox has not plausibly alleged that it has suffered an injury-in-fact to its business reputation.

I thus conclude that Virox lacks Article III standing to pursue the Lanham Act false advertising count of its Counterclaim.  I need not consider For Life Products' other arguments supporting dismissal of this count.

### III.

I next turn to Ruggerio, QVC, and BioJam's motions to dismiss the Third-Party Complaint for failure to state a claim.  Federal Rule of Civil Procedure 14(a)(1) permits a defendant to bring a complaint against "a nonparty who is or may be *liable to it for all or part of the claim against it*."  (emphasis added).  The emphasized language indicates that the "specific and limited function" of that rule is to "join in a new party in order to assert a derivative liability claim, usually for subrogation,

contribution, or indemnity."   1 Steven S. Gensler & Lumen N. Mulligan, *Federal Rules of Civil Procedure, Rules & Commentary* (2021), Westlaw FRCP-RC RULE 14.  "Under Rule 14(a), a third-party defendant may not be impleaded merely because he may be liable to the [third-party] *plaintiff*."  *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 368 n.3 (1978).  Rather, a third-party claim is "viable only where a proposed third party plaintiff says, in effect, 'If I am liable to [the original] plaintiff, then my liability is only technical or secondary or partial, and the third party defendant is derivatively liable and must reimburse me for all or part . . . of anything I must pay [the original] plaintiff.'"  *Watergate Landmark Condo. Unit Owners' Ass'n v. Wiss, Janey, Elstner Assocs., Inc.,* 117 F.R.D. 576, 578 (E.D. Va. 1987).

Here, the Third-Party Complaint fails to state a claim under a theory of derivative liability.   Indeed, the Third-party Complaint does not allege that if Virox is liable to For Life Products then Ruggerio, QVC, and BioJam are partially liable too and must pay Virox on a theory of indemnity or contribution.  Rather, Virox presses causes of action that seek to hold the third-party defendants at fault for wrongful conduct that is not contingent on any liability that Virox may have to For Life Products.  What is more, allowing the improper joinder of the third-party defendants would have significant consequences because they contest whether this court has personal jurisdiction over them.  Therefore, the Third-Party Complaint will

be dismissed without prejudice because it fails to state a claim for derivative liability as required by Federal Rule of Civil Procedure 14(a). *See, e.g., Kohl's Dep't Stores, Inc. v. Target Stores, Inc.*, 214 F.R.D. 406, 412 (E.D. Va. 2003) (granting 12(b)(6) motion to dismiss a third-party complaint where the alleged liability was "neither derivative of, nor secondary to, the claim brought against" the third-party defendant).

## IV.

Finally, For Life Products has filed a Motion to Strike Defendants' First, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, and Sixteenth Affirmative Defenses. For Life Products contends that the defendants have made only conclusory allegations in support of these defenses, providing insufficient notice of their nature, and they should be stricken pursuant to Federal Rule of Civil Procedure 12(f) ("The court may strike from a pleading an insufficient defense . . . .").

I agree with the defendants that the defenses in questions are contextually comprehensible as pleaded, in light of the Answer and Counterclaim and other pleadings in the case. *See Odyssey Imaging, LLC v. Cardiology Assocs. of Johnston, LLC*, 752 F. Supp. 2d 721, 727 (W.D. Va. 2010). Accordingly, I will deny the motion.

## V.

For the foregoing reasons, it is **ORDERED** as follows:

1. For Life Products' Motion to Strike, ECF No. 30, is DENIED;

2.  For Life Products' Motion to Dismiss Count IV of the Counterclaim, ECF No. 32, is GRANTED and Count IV of the Counterclaim is hereby DISMISSED;

3.  Ruggiero's and QVC's motions to dismiss, ECF Nos. 42 and 43, are GRANTED and the Third-Party Complaint, ECF No. 22, is hereby DISMISSED; and

4.  Ruggiero's, QVC's, and BioJam's motions to dismiss, ECF Nos. 70, 72, and 79, are GRANTED and the First Amended Third-Party Complaint, ECF No. 65, is hereby DISMISSED.

ENTER:  March 29, 2021

/s/  JAMES P. JONES
United States District Judge